## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JAMES SECKINGER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 5:23-cv-00335-MTT-MSH** |
| **CHAIRMAN TERRY E. BARNARD,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER & RECOMMENDATION OF DISMISSAL

Plaintiff James Seckinger, a prisoner who is currently being held in Washington State Prison in Davisboro, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983.  Compl., ECF No. 1.  Plaintiff has also filed a motion to proceed *in forma pauperis*.  Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.  Because Plaintiff's documentation shows that he is unable to prepay any portion of the filing fee, his motion to proceed *in forma pauperis* is **GRANTED**, as set forth below.  Thus, Plaintiff's complaint is ripe for preliminary review.  On that review, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee.  *See* 28 U.S.C. § 1915(a).  As permitted by this provision, Plaintiff has moved for leave to proceed *in*

*forma pauperis* in this case.   Accordingly, because Plaintiff's filings show that he is unable to prepay any portion of the filing fee, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b).   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.   For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

A.  Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full.   The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00.   The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the

granting of judgment against him prior to the collection of the full filing fee.

B.  Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review.   *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).   When performing this review, the court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   Still, the Court must dismiss a prisoner complaint if it "(1) is

3

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."   *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in

4

support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    <u>Plaintiff's Allegations</u>

In his complaint, Plaintiff asserts that he was denied parole on August 15, 2023, based on the "nature and circumstances" of his offenses.   Compl. 5, ECF No. 1.   Plaintiff contends that, in 1996, Congress passed laws granting money to state jails and prisons for housing prisoners.   *Id.*   Plaintiff asserts that he is only being denied parole based on these laws so that the prison system can continue to bring in money.   *Id.*   Additionally, Plaintiff contends that, because these laws were passed after he was arrested, denying him parole on this basis violates the Ex Post Facto clause.   *Id.*   In addition to the Ex Post Facto Clause, Plaintiff asserts that keeping him in prison on this basis violates the 4th, 5th, 8th, and 13th Amendments to the United States Constitution.   The only defendant that Plaintiff names in this case is Terry E. Barnard, the Chairman of the State Board of Pardons and Paroles.   *Id.* at 1.

III.    <u>Plaintiff's Claims</u>

Insofar as Plaintiff is asserting that Terry Barnard, as Chairman of the Board of Pardons and Paroles, denied him parole in order for the State of Georgia or the prison where Plaintiff is confined to continue receiving funding, rather than for the stated reason of the nature and circumstances of Plaintiff's offense, his allegations are pure conjecture, unsupported by any factual allegations to show that this was the true reason for the denial. Notably, Plaintiff was convicted of the murder of his stepmother and was sentenced to

serve life in prison for this crime.  *See Seckinger v. State*, 267 Ga. 260 (Ga. 1996).

According to the complaint, Plaintiff has received parole reviews, and he has been provided

with written notice of the reason for the denial of parole.   Specifically, the reason given

with regard to the August 2023 denial was the "nature and circumstances" of the offense,

which is a valid reason for parole to be denied.  *See Slakman v. Buckner*, 434 F. App'x

872, 875 (11th Cir. 2011) (noting that "the Supreme Court has stated that 'the gravity of

the offense' must be considered in making a parole determination" (quoting *Greenholtz v.*

*Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 15 (1979)).

Plaintiff has not alleged any facts to show that the Board denied him parole based

on funding laws, rather than the nature and circumstances of this crime.   Plaintiff's

conclusory allegations in this regard are insufficient to state a claim.   *See Twombly*, 550

U.S. at 555 (explaining that the factual allegations in a complaint "must be enough to raise

a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a

legally cognizable right of action").   Thus, Plaintiff's contentions that the denial of parole

violated the Ex Post Facto Clause and other constitutional provisions do not state a claim

on which relief may be granted.

Additionally, insofar as Plaintiff's allegations could be read as a more general claim

that he should have been granted parole, there is "no constitutional or inherent right of a

convicted person to be conditionally released before the expiration of a valid sentence."

*Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).   Moreover,

the Eleventh Circuit has held that "a Georgia inmate has no liberty interest in parole," and

that it "is well-settled that there is no federal constitutional right to parole." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001); *see also McGoy v. Ray*, 164 F. App'x 876, 879 (11th Cir. 2006).   Plaintiff's assertion in his complaint that application of the funding laws somehow creates a liberty interest is illogical and unfounded.   Because Plaintiff does not have a liberty interest in receiving parole, he cannot state a due process claim on this basis.

Thus, for the reasons set forth herein, Plaintiff's complaint does not state a claim for relief.    It is therefore **RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 16th day of November, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

7